<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

May 22, 2023

Kathleen Polimeda
483 Summit Avenue
Fort Lee, NJ 07024
*Pro Se*

Michael Joseph Diamond
Brian M. Searls
Chartwell Law
130 North 18th Street, 26th Floor
Philadelphia, PA 19103
*Attorneys for Defendant Liberty Mutual Insurance Company*

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

Re:     ***Polimeda v. Liberty Mutual Ins. Co.***
**Civil Action No. 22-4927 (SDW) (JSA)**

Parties:

Before this Court are Liberty Mutual Insurance Company's ("Defendant") Motion to Dismiss Plaintiff Kathleen Polimeda's ("Plaintiff") Complaint (D.E. 1 ("Compl.")) pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6) (D.E. 10), and Plaintiff's Motion to Amend the Complaint (D.E. 22). This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Plaintiff's motion is **DENIED** as futile and Defendant's motion is **GRANTED**.

I.     <u>**FACTUAL AND PROCEDURAL BACKGROUND**</u>

In June 2021, Defendant issued a renter's insurance policy ("Policy") to Plaintiff for residential property in Fort Lee, New Jersey. (Compl. ¶ 2; D.E. 1-1 at 3; D.E. 22 at 7–14 (Proposed First Amended Complaint ("PFAC")) ¶ 1.) In January 2022, broken pipes caused "significant and serious water damage" to Plaintiff's personal property, and Plaintiff timely submitted a claim under the Policy. (Compl. ¶¶ 1–2; PFAC ¶ 2.) Plaintiff hired a private insurance adjuster who confirmed that the market value of her lost property was greater than $75,000. (Compl. ¶¶ 4, 21; PFAC ¶ 5.)

Defendant denied coverage, claiming that the losses were not covered by the policy, and "refused to settle" the water damage claim.  (Compl. ¶¶ 1, 5; PFAC ¶ 3.)  Specifically, on May 27, 2022, an individual from Defendant's claims department explained in writing that Plaintiff's claim was denied because, under the Policy, Plaintiff was required not only to prepare an inventory of the damaged property but also to "exhibit the damaged . . . property," but Defendant was not allowed an opportunity to inspect Plaintiff's damaged property before it was discarded. (D.E. 22 at 47–49.)  As stated in a subsequent letter from Defendant's representative to Plaintiff, "[u]nfortunately [Plaintiff] already threw everything out and [Defendant was] unable to inspect it to determine if [it was] damaged."  (D.E. 22 at 43.)

The Policy, which is attached to the Complaint, indicates that Plaintiff was charged a total of $62 for 12 months of renter's insurance under the Policy.  (D.E. 1-1 at 5.)  This included coverage for a maximum of $10,000 for "personal property," $2,000 for "loss of use of [the] insured location," $100,000 for "personal liability," and $1,000 for "medical payments to others."  (*Id*.)

Plaintiff, *pro se*, filed this action on August 4, 2022.  (D.E. 1.)[1]  The Complaint asserts claims for negligence and breach of contract, and asserts that this Court has diversity jurisdiction because the amount in controversy exceeds $75,000.  (D.E. 1 ¶¶ 9–13, 15–24.)  Defendant subsequently filed the instant motion to dismiss.  (D.E. 10.)  Plaintiff opposed the motion to dismiss, and simultaneously moved for leave to amend the complaint.  (D.E. 12.)  Defendant did not consent to the filing of an amended complaint.  (*See* D.E. 16, 17, 18.)  Plaintiff subsequently filed an updated opposition to Defendant's motion to dismiss and motion to amend her complaint.  (D.E. 22.)  The PFAC concerns the same set of facts but asserts claims for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) violation of the New Jersey Insurance Trade Practices Act and the New Jersey Unfair Claims Settlement Practices Act.  (D.E. 22 at 7–14.)  The parties have completed briefing on both motions.  (D.E. 10, 18, 22, 23.)[2]

## II.   **LEGAL STANDARD**

Leave to amend a complaint "shall be freely give[n] . . . when justice so requires," but it may be denied where amendment would be futile. Fed. R. Civ. P 15(a)(2); *see Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).  Amendment is futile when the amended complaint fails to state a claim upon which relief can be granted, or where it fails to assert a claim over which this Court has jurisdiction.  *Id*. at 115; *see Muchler v. Greenwald*, 624 F. App'x 794, 797 (3d Cir. 2015) ("Leave to amend would have been futile in this circumstance because it is inconceivable that [Plaintiff] could allege additional facts . . . that would bring his claims within the original jurisdiction of the District Court.")

This Court has subject matter jurisdiction over state law claims under the diversity jurisdiction statute, 28 U.S.C. § 1332, only if two requirements are satisfied.  *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 394 (3d Cir. 2016).  First, "the parties must be completely diverse," and second, the amount in controversy must "exceed[] the sum or value of

---

[1] Plaintiff's sophisticated pleadings and legal arguments suggest that Plaintiff has in fact had assistance of counsel.

[2] The parties' briefs do not comply with Local Civil Rule 7.2, which states that all briefs "shall include a table of contents and a table of authorities."   Local Civ. R. 7.2(b). Going forward, the parties are advised that non-conforming submissions may be disregarded.

$75,000, exclusive of interest and costs." *Id.* at 394–95; 28 U.S.C. § 1332(a). The party asserting diversity jurisdiction "bears the burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000." *Auto-Owners Ins. Co.*, 835 F.3d at 395. If it "appear[s] to a legal certainty that the claim is really for less" than $75,000, then dismissal for lack of subject matter jurisdiction is warranted. *Id.* at 395 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)).

After jurisdiction is challenged by a defendant, the plaintiff must be afforded an "opportunity to present facts by affidavit or by deposition, or in an evidentiary hearing, in support of [her] jurisdictional contention." *Suber v. Chrysler Corp.*, 104 F.3d 578, 583–84 (3d Cir. 1997) (quotation marks omitted). "[E]stimations of the amounts recoverable must be realistic" and not based on "wishful amounts." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 403 (3d Cir. 2004). "Attorney's fees do not generally constitute part of the amount in controversy," but they may be included in the calculation when "their payment is provided for by the terms of an underlying contract." *Auto-Owners Ins. Co.*, 835 F.3d at 396–97 n. 11; *see State Farm Mut. Auto. Ins. Co. v. Powell*, 87 F.3d 93, 98 (3d Cir. 1996).

## III.   **DISCUSSION**

Defendant argues that the Complaint must be dismissed, and the Motion to Amend the Complaint should be denied as futile, because Plaintiff has not demonstrated that the amount in controversy exceeds $75,000 as necessary to establish jurisdiction. This Court agrees. Plaintiff has been afforded ample opportunity to respond to Defendant's jurisdictional challenge and to present facts in support of her contention that there is more than $75,000 in controversy here. *See Suber*, 104 F.3d at 583–84. She has failed to do so. Because "it is inconceivable that [Plaintiff] could allege additional facts . . . that would bring [her] claims within the original jurisdiction of [this] Court," Plaintiff's Motion to Amend will be denied as futile and the Complaint will be dismissed with prejudice for lack of jurisdiction. *Muchler*, 624 F. App'x at 799; *see* Fed. R. Civ. P. 12(b)(1).

Both the Complaint and the PFAC exclusively assert state law claims, so the only basis for this Court's jurisdiction is that arising under the diversity jurisdiction statute. *See* 28 U.S.C. § 1332; *see generally* 28 U.S.C. Ch. 85. Plaintiff's claims against Defendant arise out of the Policy, which is a contract. *Flomerfelt v. Cardiello*, 997 A.2d 991, 996 (N.J. 2010). Plaintiff does not dispute that her contractual damages are limited to $10,000—the maximum coverage for the loss of personal property under the Policy.[3] (D.E. 1-1 at 5.) *See Totaro, Duffy, Cannova & Co., L.L.C. v. Lane, Middleton & Co., L.L.C.*, 921 A.2d 1100, 1107 (N.J. 2007) (stating that compensatory damages are the typical remedy for a breach of contract and explaining that "compensatory damages put the innocent party into the position he or she would have achieved had the contract been completed").

Plaintiff has not demonstrated that the non-contractual damages she seeks could possibly bring the amount in controversy over $75,000. The Policy does not provide for attorney's fees or indemnification, so attorney's fees cannot be included in the amount in controversy. *Auto-Owners Ins. Co.*, 835 F.3d at 396–97 n. 11. In New Jersey, punitive damages may only be

---

[3] Plaintiff does not allege "loss of use" of the insured property or that she was otherwise entitled to other forms of insurance coverage under the Policy. (D.E. 1-1 at 5.)

awarded where a defendant acted with "actual malice or . . . a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions." N.J.S.A. 2A:15-5.12; *see Leang v. Jersey City Bd. of Educ.*, 969 A.2d 1097, 1114–15 (N.J. 2009). Here, Plaintiff only alleges bad faith, and not malice or willful disregard of harm, so punitive damages cannot be considered in the amount in controversy. *Id.*; *see Samuel-Bassett*, 357 F.3d at 403; *Pickett v. Lloyd's*, 621 A.2d 445, 455, 466–67 (N.J. 1993) (recognizing that "an insurance company owes a duty of good faith to its insured in processing a first-party claim" but that "to sustain a claim for punitive damages, a plaintiff would have to show something other than a breach of the good-faith obligation").

At most, Plaintiff has demonstrated that Defendant may be liable for "the natural and probable consequences of the breach" of the Policy and the duty of good faith; that is, for any "consequential economic losses that [were] fairly within the contemplation of the insurance company when it made its breach of good faith in processing the claim." *Pickett*, 621 A.2d at 474, 458. However, Plaintiff does not allege that any other economic losses flowed from Defendant's denial of $10,000 in personal-property coverage, except the costs of litigation. *See* D.E. 22 at 55–115 (indicating that total cost of damaged property was slightly over $15,000); PFAC ¶¶ 21–23.

Even in her amended complaint, Plaintiff has not met her burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Auto-Owners Ins. Co.*, 835 F.3d at 395. Moreover, it "appear[s] to a legal certainty that the claim is really for less," so the Complaint will be dismissed for lack of jurisdiction. *Id.* at 395 (quotation marks omitted); *see* 28 U.S.C. § 1332(a).

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Motion to Amend the Complaint is **DENIED** as futile. An appropriate order follows.

    /s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:    Parties
       Jessica S. Allen, U.S.M.J.