**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATHLEEN POLIMEDA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>　　　　　Defendant. | Civil Action No. 22-4927 (SDW) (JSA)<br><br>**WHEREAS OPINION**<br><br>June 6, 2023 |

**THIS MATTER** having come before this Court upon Plaintiff Kathleen Polimeda's ("Plaintiff") Motion for Reconsideration ("Motion") (D.E. 26) filed in connection with this Court's May 22, 2023, Letter Opinion ("Prior Opinion") (D.E. 24) and Order (D.E. 25), granting Defendant Liberty Mutual Insurance Company's ("Defendant") Motion to Dismiss (D.E. 10) and denying Plaintiff's Motion to Amend the Complaint (D.E. 22); and

**WHEREAS**, for reasons stated in the Prior Opinion, this Court dismissed Plaintiff's Complaint for lack of jurisdiction and denied leave to amend as futile because Plaintiff did not meet her burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. (D.E. 24 at 3–4; D.E. 25.) *See* 28 U.S.C. § 1332. In the instant Motion, Plaintiff asserts that there was manifest error in the Prior Opinion, but she does not state what the error was. (D.E. 26 at 2–3.) The Motion requests additional time to "supplement [Plaintiff's] opposition," or to "cure the alleged deficiencies in [her] opposition" and also requests leave to amend the complaint to include newly discovered facts, which are not described. (*Id*. at 2–5.); and

**WHEREAS** a party moving for reconsideration of an order of this Court must file its motion within fourteen (14) days after the entry of that order and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." L. Civ. R. 7.1(i). Motions for reconsideration are "extremely limited procedural vehicle(s)" which are to be granted "very sparingly." *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013) (quotation marks omitted). They may only be granted if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (quotation marks and italics omitted). They are "not a vehicle for a litigant to raise new arguments." *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.,* 940 F. Supp. 2d 141, 168 (D.N.J. 2013). A party's "mere disagreement with the earlier ruling" is insufficient to show clear error or manifest injustice. *see In re Energy Future Holdings Corp.*, 904 F.3d 298, 312 (3d Cir. 2018); and

**WHEREAS** a party moving to amend a complaint must attach to the motion a copy of the proposed amended complaint, as well as a form of the amended complaint that indicates how it differs from the prior complaint. Local Civ. R. 15.1(a); and

**WHEREAS** Plaintiff's Motion was timely filed within 14 days of the Prior Opinion, but it fails to identify any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its order, or error of fact or law that, if left uncorrected, would result in manifest injustice. *See Blystone,* 664 F.3d at 415. Plaintiff also did not attach a proposed amended complaint to her Motion as required. *See* Local Civ. R. 15.1(a); therefore

Plaintiff's Motion for Reconsideration and her request to amend the complaint are **DENIED**.[1]  An appropriate order follows.

/s/ Susan D. Wigenton<br>**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc:  Parties
     Jessica S. Allen, U.S.M.J.

---

[1] This Court will not permit Plaintiff to file a reply brief concerning the instant Motion as it would not change the result of this decision.  *See* Local Civil Rule 7.1(d)(3).

3